IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3026-FL

| | | |
|---|---|---|
| DANILO ALDUBLIN-ROBLETO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FCC II BUTNER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a federal inmate incarcerated at the Moshannon Valley Correctional Institution,

filed this action *pro se* pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671-2680.

The matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Also before the court are plaintiff's "motion and petition for review" (DE 5), motions for a more

definite statement (DE 11, 26), motion for access to information under protective order (DE 12),

motion for review (DE 14), motion for leave to proceed *in forma pauperis* (DE 16), "motion[s] for

notice RCF 14(b)(2)(A)" (DE 19, 25), motion of summary memorandum (DE 27), and motion to

appoint counsel (DE 30).  In this posture the issues raised are ripe for adjudication.

## BACKGROUND

On November 7, 2012, plaintiff filed an FTCA action arising out of the instant conduct in

Robleto v. Butner, No. 12-CT-3226-D (E.D.N.C. Feb. 7, 2012) ("Robleto I").  On November 14,

2012, United States Magistrate Judge William A. Webb entered a notice of deficiency in Robleto I,

notifying plaintiff that he failed to sign his complaint and failed to provide the sufficient number of

copies required under the court's Local Rules of Practice and Procedure.  The magistrate judge

provided plaintiff 30 days to correct the noted deficiencies and cautioned plaintiff that failure to do so may result in dismissal of the action. Plaintiff failed to correct the noted deficiencies.

On January 10, 2013, the court in Robleto I issued an order in which it noted plaintiff's failure to comply with the magistrate judge's November 14, 2012, order and directed plaintiff to show cause as to why the action should not be dismissed for failure to prosecute. Plaintiff failed to respond to the court's January 10, 2013, show cause order, and the Robleto I court subsequently dismissed plaintiff's action without prejudice for failure to prosecute on February 4, 2013.

On August 27, 2013, plaintiff moved to re-open his FTCA action in Robleto I. The court in Robleto I entered an order on February 10, 2014, and stated that it had mailed all orders to plaintiff at his address of record, and did not receive any mail returned as undeliverable. The court further stated that plaintiff no longer was at his address of record (an ICE detention center), and that plaintiff had not informed the court of any change in his address. As a result, the court denied plaintiff's motion to reopen his action. Plaintiff filed a second motion to re-open his action in Robleto I on July 17, 2014, which the court in Robleto I denied on January 13, 2015.

In the interim, on November 3, 2014, plaintiff filed an action with the United States Federal Court of Claims raising the same FTCA claim that he raised in Robleto I as well as a civil rights claim pursuant to 42 U.S.C. § 1983. See Robleto v. The United States, No. 14-cv-01078-MCW (COFC Nov. 3, 2014). The action remains pending in the Federal Court of Claims, and is stayed pending that court's resolution of defendant's pending motion to dismiss on the statute of limitations grounds. Id.

On January 29, 2015, plaintiff filed the instant action seeking relief pursuant to the FTCA, raising the same FTCA claim he raised in both Robleto I and the Federal Court of Claims.

2

Specifically, plaintiff alleges that staff at the Federal Medical Center in Butner, North Carolina ("Butner") acted with negligence because staff assigned him a top bunk while he was undergoing cancer treatment, which caused him to fall and sustain injuries on November 20, 2011. (Compl. (DE 7) ¶ IV; Attach. pp. 3, 5.) On March 3, 2015, plaintiff filed a motion for a more definite statement in which he provided the following explanation for his delay in filing this FTCA action:

> [Robleto I was] dismissed on Feb 4/2013 due to my immigration status. At that time I was continuing to address[s] the court as to My status and ongoing medical issue as well as collecting documentation,. On August 27, 2013, I moved to re open the case,. Previously there were many problems with communication,. Mail to and from FCC II and FCT Butner was frequently lost I was transferred to a facility in Louisiana and the[n] out of the country. On March 10/204 I left then knowing full well what happened in Mexico and subsequently sent a letter to I.C.E. on this subject I did not know the address of the District Court in North Carolina and My entire process was disrupted when I was transferred and not allowed to take any documents with me during the B.O.P. transport.

((DE 11), p. 2.) (transcribed with errors). Plaintiff then filed a motion for access to information under protective order, a motion for review, a motion for leave to proceed *in forma pauperis,* two motions for notice RCF 14(b), a second motion for a more definite statement, a motion of summary memorandum, and a motion to appoint counsel.

## DISCUSSION

A.      Motions to Amend

The court construes plaintiff's motions for a more definite statement as motions to amend his complaint. The court ALLOWS plaintiff's motions to amend. <u>See</u> Fed. R. Civ. P. 15(a).

B.      Motion to Appoint Counsel

3

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff has demonstrated through the detail of his filings he is capable of proceeding *pro se*. Additionally, plaintiff's claim is not complex and is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

C.      Frivolity Review

The court now turns to its frivolity review. A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal

4

courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

The court first determines whether plaintiff complied with the jurisdictional requirements of the FTCA's administrative remedy procedure. The FTCA provides the exclusive remedy for common law negligence claims against federal employees acting within the scope of their employment. 28 U.S.C. §§ 2671–2680; see also, Alfa v. the United States, No. PJM 14-1773, 2015 WL 501969, at *1 (D. Md. Feb. 3, 2015) ("[N]o state common law action–such as a tort styled premise liability– can be asserted against the United States, since the FTCA subsumes all such claims 'for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.' ") (citing 28 U.S.C. § 1346(b)(1))). The FTCA specifies:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). In addition, 28 U.S.C. § 2401(b) states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Here, plaintiff's administrative tort claim was denied on September 13, 2012. (Compl. (DE 7) Attach. p. 5.) Plaintiff did not file the instant action until January 29, 2015, which is more than six months after the denial of his administrative tort claim in violation of § 2401(b). Additionally, plaintiff filed this action more than two years after the cause of action arose on November 20, 2011. Thus, plaintiff filed this action after the expiration of the FTCA's statute of limitations.

Plaintiff asserts that he is entitled to equitable tolling of § 2401(b)'s state of limitations. The United States Supreme Court recently has held that the FTCA's statute of limitation, 28 U.S.C. § 2401(b) is a procedural, not jurisdictional, time bar. United States v. Kwai Fun Wong, ——U.S. ——, ——, 135 S.Ct. 1625, 1627 (2015). Accordingly, equitable tolling is applicable to the § 2401's statute of limitations, and the court will consider the issue of equitable tolling in this case. See id.

The United States Court of Appeals for the Fourth Circuit has set forth several guidelines for district courts considering whether to equitably toll a statute of limitations. For instance, the Fourth Circuit has stated that equitable tolling principles are appropriate only "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." Kokotis v. United States Postal Service, 223 F.3d 275, 280–81 (4th Cir. 2000) (quoting English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir.1987)). Accordingly, equitable tolling is not appropriate where "the claimant failed to exercise due diligence in preserving his legal rights." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

The record reflects that plaintiff failed to diligently pursue his FTCA claim in Robleto I, and such action was dismissed without prejudice for failure to prosecute. Plaintiff also has not alleged facts to establish that he acted with diligence in pursuing his FTCA claim subsequent to the

dismissal of <u>Robleto</u> I. Additionally, although plaintiff provides vague assertions of mail mishandling and immigration issues, plaintiff has not alleged that defendant wrongfully deceived or misled him in order to conceal the existence of a cause of action. Lastly, plaintiff currently has a claim pending in the Federal Court of Claims, and his action in this case is duplicative of his pending Federal Court of Claims action. <u>See</u> <u>Cottle v. Bell</u>, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) (per curiam) (citations omitted) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e).") (citations omitted). Thus, the court finds that plaintiff is not entitled to equitable tolling in this case, and that his FTCA action is time-barred.

Finally, although plaintiff's complaint appears to entirely focus on his FTCA claim, plaintiff cites 42 U.S.C. § 1983 in his complaint. To the extent plaintiff relies on 42 U.S.C. § 1983 or the Fourteenth Amendment to the United States Constitution as the source of his legal claims against the federal defendants, the claims fail as a matter of law. <u>See, e.g.</u>, U.S. Const. amend. XIV; <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675 (2009); <u>see also</u>, <u>Trujillo v. Edgefield Fed. Prison</u>, C.A. No. 0:10-2058-HMH-PJG, 2011 WL 2935853, at *4 (D.S.C. July 18, 2011) ("The Fourteenth Amendment, however, applies only to states and state actors."); <u>Smith v. Donahoe</u>, 917 F. Supp.2d 562, 568 (E.D. Va. Jan. 8, 2013) ("Section 1983 applies only to state actors acting under the color of state law, not to federal actors.") (citing <u>Dowe v. Total Action Against Poverty in Roanoke Valley</u>, 145 F.3d 653, 658 (4th Cir. 1998)), <u>aff'd in part, dismissed in part</u>, 542 F. App'x 230 (4th Cir. 2013).

**CONCLUSION**

In summary, plaintiff's motions for a more definite statement, which the court construed as motions to amend, (DE 11, 26) are GRANTED. Plaintiff's motion to appoint counsel (DE 30) is DENIED. Plaintiff's FTCA claims are DISMISSED pursuant to § 1915(e)(2)(B)(ii). Plaintiff's remaining motions (DE 5, 12, 14, 16, 19, 25, 27) are DENIED as MOOT. The clerk of court is DIRECTED to close this case.

SO ORDERED, this 21st day of July, 2015.

LOUISE W. FLANAGAN
United States District Judge